W. H. Moore v. The State.

*No. 708.   Decided November 4.*

1. **Indictment—Perjury, Assignment of, in a Single Count upon More than One Statement.**—Two or more statements may be assigned as perjury in the same count of the indictment.

2. **Same — General Verdict.** — Where perjury is assigned upon two or more statements in the same count in an indictment, and the statements are both material and properly assigned, proof of either statement will support a general verdict.

3. **Statement of Facts—Practice on Appeal where not Properly Filed.**—A statement of facts filed subsequent to adjournment of court, without an order authorizing such filing, can not be considered on appeal.

Appeal from the District Court of Waller.   Tried below before Hon. T. S. Reese.

Appellant was indicted for perjury, committed upon an investigation pending before a grand jury relative to a charge against him of having forged a teacher's school voucher, by signing the name of the trustees of the school community to said voucher; and upon which investigation defendant, under oath, had stated that he was authorized by said trustees to sign their names to the said voucher; and wherein he had also sworn falsely to the number of months he had taught school in said school community.

At his trial, he was convicted of perjury, and his punishment assessed, upon a general verdict of guilty, at five years imprisonment in the penitentiary.

Omitting formal allegations, the charging part of the indictment was as follows, viz.:

"That W. H. Moore, late of the county of Waller, on the 9th day of February, in the year of our Lord one thousand eight hundred and ninety-three (1893), with force and arms, in the county of Waller and State of Texas, did then and there, in the county and State aforesaid, personally appear before the duly organized grand jury for said county, which was then and there in session for the February Term of the District Court for said county, and of which said grand jury P. L. Clapp was then and there the legally appointed foreman; and the said W. H. Moore did then and there take his corporal oath, and was duly sworn as a witness before said grand jury, said oath being then and there duly administered to him by the said foreman of said grand jury, who was then and there authorized by law to administer the same, and which said oath was so administered for the ends of public justice.   Thereupon it then and there became and was a material inquiry before said grand jury, and necessary for the due administration of the criminal law of said State, whether the said W. H. Moore, in the county aforesaid, on or about the

29th day of October, 1892, did forge a school voucher for $50, by sign-ing G. W. Stewart's and Henry Woods' names to said voucher, the trus-tees of school community number 43 of Waller County; and said W. H. Moore did on the day herein before first named, in said county, before and to the said grand jury, under the sanction of said oath, administered to him as aforesaid, willfully and deliberately state and testify, that he, the said W. H. Moore, in the county aforesaid, did during the month of August, 1892, teach school at school community number 43, in Waller County, Texas, under a verbal contract with said trustees, G. W. Stew-art and Henry Woods, and that his salary for teaching said school for the month of August amounted to $25; and that he taught said school for said community during the months of September and October, 1892, under a contract with said trustees, G. W. Stewart and Henry Woods, and that he was to receive the sum of $25 for the time he taught in the aforesaid months of September and October, 1892, and that these sums of money added together made the $50 that said voucher was drawn for; and that the said G. W. Stewart and Henry Woods authorized him, the said W. H. Moore, to sign their names to said voucher as trustees of said school community number 43, Waller County, Texas; whereas, in truth and in fact, the said W. H. Moore did not teach in said school in August, September, or October, 1892, nor did the said G. W. Stewart and Henry Woods, trustees as aforesaid of school community number 43, of Waller County, Texas, authorize the said W. H. Moore to sign their names to the said voucher; which said statements so made by the said W. H. Moore before and to the said grand jury as aforesaid were willfully and delib-erately false, and the said W. H. Moore knew the same to be false when he made them.    Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

" P. L. CLAPP,<br>
" Foreman Grand Jury."

The statement of facts not being legally in the record, no statement of the evidence can be given.

No briefs are found with the record.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of perjury, alleged to have been committed before the grand jury.    .

One of the contentions in this case is, that the conviction is erroneous, because the verdict fails to state upon which count the jury based their finding, and that it is therefore insufficient to form the basis of the judg-ment rendered.

The record does not sustain this position. The indictment contains but one count, in which perjury is assigned upon two statements, made before the grand jury at the same time, in regard to the same subject matter. It is so well settled in this State, that proof of the falsity of either statement, if the statements were both material and properly assigned, as was the case in this prosecution, will support a general verdict, that we deem it unnecessary to discuss the question.

The statement of facts having been filed subsequent to the adjournment of court, without an order for that purpose, can not be considered on appeal. But we may remark, that we have carefully read the evidence, and if we could consider it, would have no hesitancy in holding the testimony amply sufficient to sustain perjury upon either statement. It is, indeed, seldom the case where the charge contained in an indictment is so fully proved as was done in this case.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.