## M. M. SCOTT v. THE STATE.

*No. 560.   Decided January 23rd, 1895.*

**1.  Perjury—Indictment.**

Where an indictment for perjury alleges that the statement sworn to by the defendant and assigned as perjury was material it is not necessary that it should further show or allege how or in what manner it was material.

**2.  Same—Charge as to Materiality.**

Where the matter assigned for perjury was, that defendant had falsely testified, on a trial for theft of cattle, that he had put a certain brand upon them which it was proven by other witnesses was on them before he had ever branded them, Held, under the facts of the case, it was the duty of the court, as was done, to instruct the jury that the alleged false statement of the defendant was a material matter.

**3.  Conflicting Evidence—Practice on Appeal.**

Where there is a conflict in the evidence, the court, on appeal, will not disturb the judgment if the evidence in behalf of the State supports the verdict.

APPEAL from the District Court of San Saba.   Tried below before Hon. W. M. ALLISON.

This appeal is from a conviction for perjury, the punishment being assessed at a term of five years' imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*Burleson & Meek,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—This conviction was obtained for perjury. Appellant was indicted and tried before the District Court of San Saba County for theft of two yearlings, the property of Ney Gorman.   Upon that trial Gorman and others swore that after the yearlings were taken from the range they were seen in Henry Cravey's pasture, and branded with a cross.   These animals were taken from this pasture to appellant's place and there branded 4Λ   Upon the trial for this theft, appellant, being a witness in his own behalf, testified that when the latter brand was placed on the cattle he also placed on them the former or + brand, and the + brand was not on them while they were in Cravey's pasture In this case this statement is assigned as perjury, the indictment alleging it to be material.   Motion to quash the indictment was urged, be cause the indictment did not show how the statement was material.   This is not necessary, the materiality being alleged.   The indictment allege several statements to be false, but clearly assigns perjury upon that stated above.   The court, in his charge, confined the jury to the statement assigned for perjury.   The charge of the court is correct.   Under the facts of this case it was the duty of the court to tell the jury the statement was material.   Washington v. State, 23 Texas Crim. App., 336; Donahoe v. State, 14 Texas Crim. App., 638; Jackson v. State, 15 Texas Crim. App., 579; Sisk v. State, 28 Texas Crim. App., 432; Rahm v. State, 30 Texas Crim. App., 310; Foster v. State, 32 Texas

Cr. R., 39. There is a conflict in the testimony. That adduced for the State amply supports the verdict. We find no error, and the judgment is affirmed. ·

*Affirmed.*