## ARCHIE BROWN V. THE STATE.

### No. 1936. Decided December 14, 1898.

**1. Perjury—Assignments—Allegations.**

It is competent in an indictment for perjury to present as many assignments on material issues as the pleader sees fit, but the assignments must be distinct and each assignment alleged to be material and the same distinctly traversed.

**2. Same—Witness in Criminal Case.**

The proper course of pleading is to negative especially each part of defendant's testimony which is alleged to be false.

**3. Same—Several Statements Assigned in Solido—Charge.**

In an indictment for perjury, where several statements are combined in one assignment and all together in solido are alleged to be material, that they were sworn to by defendant and that this statement was false, etc., Held, that a failure to prove that defendant swore to all the statements as alleged is fatal to the conviction; and it is error for the court to fail to so instruct the jury.

**4. Same—Proof.**

It is necessary that every fact which goes to make up any particular assignment of perjury should be disproved.

**5. Same—Testimony Before Examining Court—Assignment, How Laid.**

Where an assignment for perjury is sought to be laid upon the testimony of a witness before an examining court, the assignment should conform to the testimony contained in the examining trial evidence and laid as therein stated.

APPEAL from the District Court of Guadalupe. Tried below before Hon. M. KENNON.

Appeal from a conviction for perjury; penalty, five years imprisonment in the penitentiary.

No statement required in addition to that made in the opinion.

*J. B. Dibrell*, for appellant, cited Code Crim. Proc., art. 267; Donohue v. State, 14 Texas Crim. App., 642; Leverette v. State, 32 Texas Crim. Rep., 471; 2 Whart. Crim. Law, 8 ed., secs. 1313, 1323, note 3.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of five years; hence this appeal.

The only question that requires notice is involved in the charge of the court, and the special requested charge, which was refused by the court, on a vital issue in the case. The indictment contains but one count, and but one assignment in that count for perjury. The indictment alleges, after setting out the preliminaries, that then and there "it became and was a material inquiry before said court in said judicial proceedings whether the said Neyland on or about the 3d day of June, 1897, in the county of Guadalupe, about one mile and a half from the county line, had in his possession sixteen head of hogs, and was driving said hogs, the property of Berl Randell;" and it was further alleged that said ap-

pellant "willfully and deliberately stated and testified that the said Ney-
land on or about the 3d day of June, 1897, in the county of Guadalupe,
about one mile and a half from the county line, did have in his posses-
sion sixteen head of hogs, the property of Berl Randell," which was
false, etc. On the trial the State's testimony left it somewhat in doubt
whether or not the defendant had stated on the beforementioned trial
that said hogs were the property of Berl Randell. The defendant con-
tends that, inasmuch as the alleged perjury was predicated on evidence
given in the examining trial, the written evidence should have been pro-
duced, and himself subsequently produced the written evidence of the
examining trial. From that it does not appear that said witness stated
that said hogs were the property of Berl Randell. The court on this
issue instructed the jury as follows: "It was a material inquiry before
the magistrate, in the prosecuton of Neyland for the theft of hogs,
whether on or about the 3d of June, 1897, the said Neyland had in his
possession fiifteen or sixteen head of hogs in Guadalupe County, Texas,
about one mile and a half from the county line; and if the evidence,
under the rules hereinbefore given you, shows that the defendant testi-
fied that said Neyland did on or about the 3d day of June, 1897, have
in his possession fifteen or sixteen head of hogs, about one mile and a
half from the county line, in Guadalupe County, Texas, and if you find
from the evidence, beyond a reasonable doubt, that the defendant so
stated under his oath as a witness in said cause before said magistrate,
and that he so stated willfully and deliberately, and that the statement
so made by defendant was false, and that the defendant knew it was
false when he so made it, then the fact that the defendant may not have
stated who was the owner of the hogs is not material." This instruc-
tion of the court was excepted to by appellant, and on this point he
requested the following instruction: "Before the jury can convict the
defendant, you must believe beyond a reasonable doubt that the defend-
ant on the trial of the cause in justice court wherein W. J. Neyland
was charged with the theft of sixteen head of hogs, the property of
Berl Randell, said defendant stated that he saw said Neyland on the 3d
day of June, 1897, within one mile and one-half of the county line, driv-
ing sixteen head of hogs, the property of Berl Randell, and that such
statement so made was untrue; and, if you do not believe that said
defendant so testified on the trial of said cause, you should acquit the
defendant. It is not sufficient to warrant you in finding a verdict of
guilty against the defendant that the State should prove that on said
trial defendant made a false statement, but the false statement alleged to
have been made and set forth in said indictment must be proven as al-
leged beyond a reasonable doubt; and, unless it is so proven, you should
acquit the defendant."

It is competent for the pleader, in setting out an indictment for per-
jury, to present as many assignments upon material issues as he sees
fit; but in such case the assignment should be distinct, and each assign-

ment alleged to be material, and the same distinctly traversed. We quote from Mr. Wharton (2 Wharton Criminal Law, section 1316) as follows: "The proper course of pleading is to negative specially each part of the defendant's testimony which is alleged to be false; and, if any material assignment be adequately proved, it is enough to support the indictment, if falsity be satisfactorily shown." In this case there are several statements contained in one assignment, and all these together are alleged to be material to the issue; and. it is alleged that appellant swore to this statement as set out, and that this statement was false, etc. It may be that the assignment contains two or three distinct statements, each of which was material· to the issue then on trial, as that he was in possession of sixteen head of hogs, or in possession of the hogs at that particular time and place, or that the hogs were the property of Berl Randell; and by proper allegation in the indictment an assignment for perjury might have been predicated on each of said statements, and then, on proof of same, a conviction might have been had on either. But here the assignment is in solido, and contains in combination several statements, all of which together are alleged to be material, and the falsity of all is charged. We can not dissever these allegations, but must consider all together, and that together they present a material issue, and as alleged it was incumbent on the State to prove the same. The failure of the State, therefore, to prove that appellant swore to all the statements substantially as alleged, would be fatal to the prosecution; or if the matter as to what was sworn by the witness was left in doubt as to some of the statements, and the issue was made, it was the duty of the court to give the charge requested by appellant, and it was error on the part of the court to instruct the jury as was done in this case. Mr. Wharton in his work on Criminal Law (volume 2, section 1322), says, "It is necessary that every fact which goes to make up any particular assignment of perjury should be disproved." We further hold in this case that the best evidence as to what appellant testified to on the trial before the examining court was contained in the examining trial evidence, and the assignment of perjury should have been laid as therein stated. For the errors discussed, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*