## W. L. Campbell v. The State.

### No. 2322.     Decided April 30, 1902.

**1.—False Swearing—Constitutional and Statutory Construction.**

There is no conflict between article 1, section 5, of the Constitution and article 209, Penal Code. The constitutional provision applies to witnesses while giving testimony; false swearing, as defined in article 209, is confined to matters in which oaths or affirmations are made and taken when not required by law.

**2.—Same.**

Article 3 of the Revised Statutes does not repeal or conflict with article 209, Penal Code, and has no reference to it; and article 4 of the Revised Statutes refers to oaths and affirmations that are necessary and required by law, while article 209, Penal Code, applies alone to those oaths or affirmations not required by law.

**3.—Same—Notary Public.**

A notary public has authority to swear persons, whether it be to necessary affidavits and those required by law, or those which are purely voluntary.

**4.—Indictment—Sufficiency of.**

It is not necessary that an indictment should, as to each and every minor allegation, allege that the "grand jurors do further say." Where it is properly alleged in the outset of the indictment, that the grand jury do present, and that accused did, etc., this is sufficient, where there is but one count in the indictment without further repetition of the statement.

**5.—False Swearing—Indictment and Proof.**

An indictment for false swearing may charge as many false statements as the pleader may insert, and proof of either will be sufficient. Two or more averments as to the false swearing would not necessarily vitiate the indictment.

**6.—Same.**

If what is thought to be contradictory averments are explanatory one of the other, making more fully the description of the matters at issue, this would be no contradiction and would not render the indictment vague or indefinite.

**7.—Special Instructions.**

It is not error to refuse special requested instructions which have been correctly given, in substance, in the main charge.

Appeal from the District Court of Foard.   Tried below before Hon. G. A. Brown.

Appeal from a conviction of false swearing; penalty, two years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*F. P. McGhee,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of false swearing, in that he made an affidavit to a mortgage executed by himself in favor of Tamblyn & Tamblyn. The mortgage was a lien upon 386 head of three and four-year-old Texas steers, branded T on left shoulder, ─ on left side and Z on left thigh and was given to secure the payment of $6245.33. The affidavit in substance was that appellant was the owner of the property described and included in the mortgage, and that he had full power to sell or mortgage said cattle, and give a clear title, and that there were no chattel mortgages or liens upon the property; and that he (appellant) then had in his possession the full number of cattle as herein described and stated.

The indictment is attacked because article 209, Penal Code, is unconstitutional, in that article 1, section 5, of the Constitution provides that all oaths and affirmations shall be taken subject to the pains and penalties of perjury. In full that section is as follows: "No person shall be disqualified to give evidence in any of the courts in this State on account of his religious opinions, or for want of any religious belief; but all oaths or affirmations shall be administered in the mode most binding upon the conscience, and shall be taken subject to the pains and penalties of perjury." A casual inspection of this section shows that it applies to witnesses while giving evidence. False swearing, under the definition given by the Legislature, is outside all pending cases, and has no reference to that character of oath or affirmation, but is confined to matters in which oaths or affirmations are made and taken when not required by law. There is no conflict between this phase of the Constitution and the statute defining false swearing. Nor is there any conflict between article 209, Penal Code, and article 3 of the Revised Civil Statutes.

It is contended by appellant that, as the Penal Code was presented to the Governor for approval prior to the presentation of the Revised Civil Statutes, article 3 of the Revised Civil Statutes repeals article 209 of the Penal Code. There is no merit in this contention. Such construction will be given the acts of the Legislature as will harmonize them rather than overturn. It is evident that the Legislature never intended that there should be any conflict between these two articles; and if it were necessary to go into a construction of the two articles and section 5 of article 1 of the Constitution, it would not be difficult to arrive at the conclusion that article 3 of the Revised Civil Statutes was not intended to conflict with article 209 of the Penal Code, and had no reference to it. Article 4 of the Revised Civil Statutes seems to indicate that the oaths and affirmations referred to are those that are necessary and required by law; whereas article 209 Penal Code excludes all affidavits, oaths, or affirmations that are necessary or required by law; and applies alone to those oaths or affirmations that are not required by law.

Nor is there any merit in the contention that J. C. Roberts, the notary public, had no authority to take the affidavit or swear appellant. A notary public has authority to swear persons, whether it be to necessary affidavits and those required by law, or those which are purely voluntary.

Nor was it necessary for the indictment to charge, in relation to each and every minor allegation in the indictment, that the "grand jurors do further say," etc. It is sufficient that the grand jury charge in plain and intelligible language the commission of the offense; and where it is properly alleged in the outset of the indictment that the grand jury present and that accused did, etc., it is sufficient, without making repetition of this statement at every minor allegation. If there were two or more counts in the indictment, it would be better for the indictment to state at the beginning of each count that the "grand jurors do further present," etc.; but this is not true where there is but one count. These different allegations are sufficiently connected by the expressions "then and there," and in some instances the conjunction "and" can be used. See Smith v. State, 36 Texas Crim. Rep., 442; Harris v. State, 2 Texas Crim. App., 102.

It is further contended that the indictment is contradictory, vague, and indefinite in this, that it charges that appellant was the lawful owner of the cattle described, to wit, was then and there the lawful owner of 386 head of steer-cattle, three and four years old and upwards; and was then and there the lawful owner of 386 head of three and four-year-old Texas steers, branded T on left shoulder, + left side, and Z on left thigh. The point of contention is that the indictment charges appellant with being the owner of two different herds of cattle of the same numbers, but of different descriptions, and about which the affidavit was made. The mortgage describes the 386 head as Texas steers, branded as above set out, three and four years old. The indictment may charge as many false statements as the pleader may insert, and proof of either will be sufficient. If it be conceded that these are two averments of false swearing, then the pleader could rely upon proof of either. But a careful inspection of the indictment will clearly indicate that it was the same herd of cattle being described in the indictment, the description being gone into more fully by the averments that they were three and four-year-old Texas steers, and branded as stated. It would make no difference, as we understand the law, whether this last position or the first is correct; if there were two or more averments as to the false swearing, it would not necessarily vitiate the indictment. Proof of either would sustain the conviction; and the indictment would be good, so far as the charging part of it is concerned, without proof. If what is thought to be the contradictory averments are explanatory one of the other, making more fully description of the matters at issue, there certainly would be no contradiction in it and would not render the indictment vague or indefinite.

The court submitted only the issue as to whether this affidavit was false in regard to the 386 head of three and four-year-old Texas steers, branded as indicated. For the reasons above set out the objections urged to the indictment are without merit on this phase of the motion to quash, as well as the objections urged to the introduction of the mortgage on account of the alleged variance between the face of the mortgage

and the averments of the indictment. It was urged as an objection to the introduction of the mortgage that it did not support the averment in regard to the 386 head of steers three and four years old and upward; but it did support the averment in regard to 386 head of Texas steers, three and four years of age; and it was permissible to introduce this mortgage to prove this averment, even conceding the indictment charged two averments of false swearing.

We have carefully examined the charge of the court and find it is a correct application of the law to the facts. There was no error in refusing the charges requested by appellant, because they had been in substance correctly given by the court in the main charge.

The evidence supports the conviction, and the judgment is affirmed.

*Affirmed.*

[Note.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]