RANSE SIMPSON v. THE STATE.

No. 2969.   Decided March 16, 1904.

**1.—Perjury—Indictment—Haec Verba.**

It was not necessary under the facts to set out in full the affidavit upon which the alleged perjury was based, or the number and style of the case, the affidavit being the basis in a prosecution for assault.

**2.—Evidence—Res Gestae.**

Where the affidavit upon which the indictment for perjury is based is already introduced in evidence, it is not error to permit a State's witness to substantially repeat the statement embraced in the affidavit which at the time of the taking of the affidavit was made by appellant to the officer; such statement was not secondary evidence, but a part of the res gestae.

**3.—Same—Several Assignments of Perjury.**

Where an indictment contains several assignments of perjury, a conviction may be predicated upon either, and the testimony of a witness substantially embracing the statement contained in the affidavit upon which

the charge of perjury is based, while the particular language of witness is not in itself an assignment of perjury, it is res gestae. Distinguishing Brown v. State, 48 S. W. Rep., 169.

**4.—Same—Conflict.**

Where the evidence as to the occurrence upon which the charge of perjury is based is conflicting, the verdict will not be disturbed.

Appeal from the District Court of Lee. Tried below before Hon. Ed. R. Sinks.

Appeal from a conviction of perjury; penalty, three years imprisonment in the penitentiary.

The opinion sufficiently states the case.

*Wm. O. Bowers,* for appellant.—The court erred in overruling the defendant's motion to quash the indictment herein against this appellant: (a) because the same failed to set out in haec verba the affidavit alleged to have been made in the said criminal judicial proceedings in which this defendant is charged with having committed the offense of perjury; (b) because the same wholly failed to identify either by the style or the number of the criminal judicial proceedings, in which it is alleged that the defendant made the affidavit in which he is alleged to have committed the offense of perjury; (c) because the same fails to allege with sufficient certainty at what time or stage in said criminal judicial proceeding the said affidavit in which the defendant is charged with committing the offense of perjury was made; (d) because the same wholly fails to allege particular portions or assignments in said affidavit in which this defendant is alleged to have committed the offense of perjury.

An indictment for perjury, alleged to have been committed in a criminal judicial proceeding, which wholly fails to describe the criminal judicial proceeding, is bad and should be quashed. Covey v. State, 23 Texas Crim. App., 388; State v. Webb, 41 Texas, 67; 2 Archb. Crim. Pr. and Pl., 1738; Shely v. State, 32 S. W. Rep., 901; State v. Oppenheimer, 41 Texas, 82; 2 Bish. New Crim. Law, 1017.

Where perjury is assigned upon statements in a written affidavit, the written affidavit is the best evidence of the statements contained in it, and it is error to allow the introduction of parol evidence of the contents of such affidavit without first showing its loss.

Where perjury is assigned upon statements made in a written affidavit, it is error to permit the introduction of parol evidence of other and different statements made by the defendant not embraced in the written affidavit, and not assigned as perjury in the indictment. Brown v. State, 48 S. W. Rep., 169.

*Howard Martin,* Assistant Attorney-General, for the State, cited Langford v. State, 9 Texas Crim. App., 283; Gabrielsky v. State, 13 Texas Crim. App., 428; Rohrer v. State, 13 Texas Crim. App., 163, on sufficiency of indictment.

The court only submitted to the jury one assignment of perjury set out in the indictment, to wit, "that the said O. Oliver did point a pistol at the person of Ranse Simpson." This is a quotation from the court's charge. The indictment charges, after other necessary and proper allegations, "and it then and there became and was a material question whether the said O. Oliver did on the 23d day of March, 1903, in Lee County, Texas, then and there point a pistol at the person of the said Ranse Simpson." The complaint which forms the basis of this prosecution contained the statement as aforesaid, after other and proper necessary allegations, "did cock said pistol and point said pistol and deadly weapon at the said Ranse Simpson." The State's proof was sufficient to warrant the jury in finding that this allegation in the complaint was false; it was shown to be by more than two eyewitnesses to the transaction.

DAVIDSON, PRESIDING JUDGE.—The indictment charges appellant with perjury in that he made a false affidavit before a justice of the peace charging one Oliver with having committed an assault upon him. The affidavit was the beginning of the criminal prosecution against Oliver, and was a sufficient predicate for perjury. Langford v. State, 9 Texas Crim. App., 283. It is contended the indictment is defective in that it fails to set out the affidavit in haec verba. This contention is not correct. Gabrielsky v. State, 13 Texas Crim. App., 428. It was not necessary under the facts to set out in full the affidavit, nor the number and style of the case. As before stated, this was an affidavit made as the beginning or basis of a prosecution for assault. There was at the time no trial of the case but simply the making of the affidavit. In fact, there could be no style or number of the case until the affidavit had been made.

While the witness Scarborough was a witness in behalf of the State he was permitted to testify that appellant swore before J. W. Barry, justice of the peace, that O. Oliver pointed his pistol at him, the said Ranse Simpson, and told him that he, Oliver, would blow his God-damn brains out. Objection was urged because it was irrelevant and secondary evidence of the contents of the affidavit upon which the prosecution was predicated. The bill is qualified with the statement that the affidavit had been already proved and admitted in evidence, and this witness was testifying to the fact that appellant was sworn and made the above statement, which substantially appears in the affidavit. The evidence shows appellant made this statement in detailing the facts to the justice of the peace which formed the predicate of the complaint taken. It was a part and parcel of the transaction and res gestæ; the statements made and uttered at the same time with those contained in the affidavit and those charging the perjury. We are referred, in support of appellant's proposition, to Brown v. State, 48 S. W. Rep., 169. That case is not applicable. In the case at bar there were several assignments of perjury; in

the Brown case there was but one, and it was held, that before the conviction for perjury could be had, the entire assignment must be proved as laid.   Where there are several assignments of perjury, a conviction may be predicated upon either, and it is not necessary to prove the others.   The court, submitting this case to the jury, selected one averment and discarded the others.   The particular language introduced from the witness was not assigned as perjury.   But, as before stated, it was a part and parcel of the same conversation and was res gestæ.   It was not secondary evidence.

The witness Hollas, deputy sheriff, who was present at the time the affidavit was made, was permitted to testify that appellant swore Oliver pointed his pistol at him, and threatened his life.   This is practically the same question as the one just discussed.

It is contended the evidence is not sufficient to justify the conviction. Oliver was constable.   Armed with a writ of execution, he went to appellant's house for the purpose of serving it on him, and taking some property situated in appellant's house mentioned in the process.   There were some words between the parties, and finally the officer stepped upon the gallery, and appellant seized an ax.   The officer placed his foot upon it, and drew his pistol.   There is some conflict in the evidence as to what occurred at this juncture.   Some witnesses testified the officer pulled his pistol, but did not raise it or point it at appellant, but held it in his hand down by his side or leg.   Appellant's evidence indicates that he partially raised the pistol.   The issue of perjury was submitted upon the statement of appellant that the officer pointed the pistol at appellant. The majority of the witnesses testify that this did not occur.   If it did not occur, this averment of perjury was fully substantiated.   The jury decided the conflict.   Finding no error in the record, the judgment is affirmed.

*Affirmed.*