### JESSE WILSON v. THE STATE.

#### No. 3502.  Decided March 14, 1906.

**1.—False Swearing—Justice of the Peace—Ex-officio Notary Public.**

In a prosecution for false swearing, where the evidence showed that the jurat to the affidavit upon which the alleged false swearing was predicated, was signed by the justice of the peace as such and as ex-officio notary public, the same was sufficient to admit it in evidence.

**2.—Same—False Affidavit—Marriage—Definition of Offense.**

On a trial for false swearing, where the evidence showed that the affidavit to procure a marriage license and upon which the prosecution was based, was introduced in evidence; and the false oath related to something past or present, it afforded the basis of false swearing, and it was not necessary that it be on a material question as in perjury; and there was nothing in the contention that the female described in the affidavit had no one authorized to consent to her marriage to defendant.

**3.—Same—Accomplice—Charge of Court.**

Where upon trial for false swearing, the evidence showed that there was no persuasion or suggestion on the part of the justice of the peace and constable to the defendant to induce him to make a false affidavit, although they knew this at the time, and although the justice did not refuse to administer the oath to the affidavit, the question of accomplice did not arise, and no charge on this issue was necessary.

**4.—Same—Charge of Court—Weight of Evidence.**

Upon a trial for false swearing, where the court after enumerating the essential elements of the offense, instructed the jury that if at the time defendant made the alleged false statement under oath, he believed the facts therein stated to be true, then he would not be guilty of the offense charged and should be acquitted, the same was not on the weight of the evidence and there was no error.

**5.—Same—Sufficiency of Evidence.**

Where upon a trial for false swearing, the evidence showed that the female named in the alleged false affidavit was under 18 years of age when the defendant made said affidavit to procure marriage license, and defendant must have known this fact at the time, the conviction for false swearing was sustained.

Appeal from the District Court of Hunt. Tried below before the Hon. R. L. Porter.

Appeal from a conviction for false swearing; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. J. Cates* and *Ethridge & Baker,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of false swearing, and his punishment assessed at two years confinement in the penitentiary, hence this appeal.

By bill of exceptions appellant raises the question that the affidavit introduced in evidence, and on which the alleged false swearing is predicated, shows on its face not to have been made before an officer authorized to administer oaths. The affidavit shows to have been signed: "A. Payne, justice of the peace and ex-officio notary public, Hunt County, Texas," and has a notary's seal on it. The contention is, that there is no such officer as justice of the peace and ex-officio notary public. We hold that there is such an officer as justice of the peace, and an oath can be made before him without any official seal, as he has none; that our law makes the justice of the peace of counties ex-officio notary public; and as such he is entitled to a seal. There is nothing in this contention.

It is further objected to the admission of said affidavit that the facts showed the witness, Martha Williams, had no father or mother, or guardian, and no one authorized to consent to her marriage to defendant, which facts were shown by the evidence. We do not believe that an objection could be made to the introduction of the affidavit on the ground asserted. Nor would it have been a good defense, if it be conceded that the statement of facts shows what is asserted in said bill. We under-

stand any false oath as to something past or present, affords the basis of false swearing. It is not necessary that it be on a material question, as in perjury; it is simply requisite that it be a false affidavit to a fact past or present.

In motion for new trial appellant insists that the court erred in not instructing the jury upon the law of accomplice's testimony in relation to the evidence of A. Payne, justice of the peace, and Tom Craddock, constable, claiming that they were both particeps criminis in inducing appellant to make the false affidavit. We find nothing in the record to justify this assertion. There was no persuasion; no suggestion made to appellant to induce him to make said affidavit. The record does suggest that these officers knew that the affidavit which appellant made was false, but they did not encourage him to make it. The fact that he might have prevented the commission of the offense by refusing to administer the oath to the affidavit, does not constitute him an accomplice.

The charge complained of as being on the weight of the testimony was in appellant's favor. The court, after enumerating the essential elements of false swearing, then stated: "It follows, therefore, that if at the time defendant made the alleged false statement under oath he believed the facts therein stated to be true, then he would not be guilty of the offense charged, and should be acquitted." The jury are not therein told that the statement was false, but their attention was simply directed to the alleged false statement. We do not believe it was necessary for the court to have given more of article 786, Code Criminal Procedure, than was given in the charge.

We think that the court sufficiently charged on all the phases of the case, and whatever of defensive matter was presented by the evidence, was properly submitted to the jury. It occurs to us that the testimony was all one way as to the age, the girl being shown to be under 18 years of age at the time of the alleged offense. The only testimony even suggesting appellant believed she was 18 years of age, was the testimony of one witness, that on one occasion he heard Martha Williams say, in the presence of appellant, that she was 18 years of age. Appellant himself testified that he told the justice of the peace on one occasion that she was 17, and afterwards that she was 18. The court instructed the jury that if appellant believed the facts therein stated to be true, he would not be guilty of the offense charged, but should be acquitted. We have examined the record carefully, and in our opinion we believe the testimony was sufficient to sustain the conviction. There being no error in the record, the judgment is affirmed.

*Affirmed.*