## ANDRES MARES V. THE STATE.

### No. 2551. Decided June 25, 1913.

**1.—Perjury—Charge of Court—Bill of Exceptions.**

Where appellant requested two charges, neither of which is so assigned that this court can consider them, there is no error. Following Byrd v. State, recently decided.

**2.—Same—Material Allegations.**

Upon trial of perjury, an allegation, that defendant testified on the prior trial that he was not present at the time and place alleged, is a material matter, and there was no error in refusing a requested charge that it was not. Following Davidson v. State, 22 Texas Crim. App., 372, and others.

**3.—Same—Evidence—Pleading in Former Case—Charge of Court.**

Where defendant was prosecuted for alleged false testimony in the County Court on a gaming case, there was no error in permitting the State to introduce in evidence the complaint and information in said County Court case, and there was no error in the court's failure to limit said testimony. Following Franklin v. State, 38 Texas Crim. Rep., 346.

**4.—Same—Indictment—Proceedings at Former Trial.**

Where, upon trial of perjury, the indictment was sufficient, there was no error, and it was not necessary that the court in which defendant was tried when he committed the perjury was in session, or that said prosecution was based upon a complaint, or that the betting and wagering for which he was there tried was not at a private residence, or who dealt or exhibited the game.

**5.—Same—Charge of Court—Credible Witnesses.**

Where, upon trial of perjury, there was no evidence calling for a charge as to what was meant by a credible witness, and the court's charge was correct under article 806, C. C. P., and no special charge was requested, there was no error. Following Knapp v. State, 101 S. W. Rep., 449.

**6.—Same—Charge of Court—Definition of Perjury.**

Where, upon trial of perjury, the court properly defined the offense when applying the law to the facts, and also charged on mistake, etc., under article 305, Penal Code, there was no error.

**7.—Same—Evidence—Interpreter.**

Upon trial of perjury, where the defendant was a Mexican and could not speak English, there was no error in introducing his statement upon which perjury was based through an interpreter and by one of the jurors as he had heard the same introduced by the interpreter. Following Misher v. State, recently decided.

**8.—Same—Evidence—Impeaching Witness—Moral Turpitude.**

Upon trial of perjury where defendant sought to impeach a State's witness on cross-examination by showing that he was a professional gambler, which the witness denied, this was conclusive and defendant could not contradict it.

**9.—Same—Evidence—Swearing Jury—Former Trial.**

Upon trial of perjury, the State was not required to prove that the jury, in the County Court case in which the alleged false testimony was given, was sworn. Following Schooler v. State, 52 Texas Crim. Rep., 331, and other cases.

**10.—Same—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of perjury, the evidence sustained a conviction under a proper charge of the court, there was no reversible error.

Appeal from the District Court of Uvalde. Tried below before the Hon. R. H. Burney.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*L. Old,* for appellant.—On question of admitting in evidence interpreter's statements: Cervantes v. State, 52 Texas Crim. Rep., 82, 105 S. W. Rep., 499.

On question of introducing complaint and information: Higgenbotham v. State, 6 S. W. Rep., 201; Betts v. State, 65 Texas Crim. Rep., 358, 144 S. W. Rep., 677.

On question of rejecting testimony as to professional gambler: McLeod v. State, 75 S. W. Rep., 522.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of rejecting testimony as to professional gambler: Goodwin v. State, 58 Texas Crim. Rep., 496, 126 S. W. Rep., 582.

On question of introduction of interpreter's statements: 16 Cyc., p. 1198, and cases cited in opinion.

PRENDERGAST, JUDGE.—Appellant was convicted of perjury and his punishment fixed at two years in the penitentiary.

The perjury was predicated on his alleged false testimony in the County Court of Uvalde County, wherein he was charged and tried for unlawfully betting and wagering at a certain gaming table and bank, towit, a monte bank. The two particulars of false testimony charged to have been given by him on the trial of his County Court case was, in one that he testified he was not present at the house of one Gregoria Gonzales in the town of Uvalde, Uvalde County, Texas, on the night of June 19, 1912; and the other was that he did not then and there bet and wager at such game, etc.

That he so testified in the County Court was clearly established by the testimony of two or more witnesses; and that his testimony in both particulars was false, etc., was also clearly established by two or more witnesses. In other words, on the trial of this case it was clearly established by the State by two witnesses or more that appellant was present at the house of said Gonzales on said night of June 19, 1912, and also

that he bet and wagered at said banking game, and that he testified falsely on both of these issues before the County Court.

Appellant requested two charges, neither of which is so assigned that this court can consider them.  Byrd v. State, 151 S. W. Rep., 1068, and authorities there cited.  Even if they were so presented, neither was called for by the evidence in this case.  The fact that appellant testified he was not present at the house of said Gonzales, said night, was not an immaterial matter but was very material in the trial of the County Court case.  Davidson v. State, 22 Texas Crim. App., 372; Washington v. State, 22 Texas Crim. App., 26; Williams v. State, 28 Texas Crim. App., 301.

The State introduced in evidence on this trial the complaint and information in the said County Court case over appellant's objection. There can be no question but that these were admissible on the trial of this case.  The allegations in the indictment in this case of what offense appellant was charged in said County Court case, were substantially, if not literally, what said County Court papers charged and this is all that was necessary.  C. C. P., art. 465.  The judgment in said County Court was not offered or introduced in evidence in this case.  This court has specifically held that under such circumstances no charge is necessary limiting the jury to what purposes they could consider the information and complaint.  Franklin v. State, 38 Texas Crim. Rep., 346, and cases therein cited.

There was no motion made to quash the indictment on any ground. But in the motion for new trial, in which is combined a motion in arrest of judgment, several grounds are set up as to the insufficiency of said indictment, none of which are well taken.  The indictment does charge that the County Court at which appellant was tried was in session and at a regular session of said County Court for Uvalde County, at the time he was tried.  It was unnecessary for the indictment to charge that the information in the County Court case was based upon a complaint therein.  (Curtis v. State, 46 Texas Crim. Rep., 480.)  Neither was it necessary for the indictment to charge that the betting and wagering charged in the County Court case was not at a private residence occupied by a family.  The prosecution in the County Court case was based upon article 557, Penal Code, which made it an offense for any person to bet or wager on any banking game, specifically mentioning monte (P. C., art. 553), wherever played.  The indictment does charge that the alleged false testimony of appellant in the County Court case was material in both particulars, but it would have been sufficient in this case if either was material and shown to be false.  (Moore v. State, 32 Texas Crim. Rep., 405; Beach v. State, 32 Texas Crim. Rep., 240; Anderson v. State, 56 Texas Crim. Rep., 360; Branch's Crim. Law, subdi. 5, sec. 650, and cases there cited.)  It was not necessary to allege in the indictment who dealt or exhibited the said game.  The court charged the statute, article 806, Code of Criminal Procedure, that no person can be convicted for perjury except upon the testimony of two

credible witnesses, or one credible witness corroborated strongly by other evidence as to the falsity of the defendant's statement. And also charged the reasonable doubt. No charge was requested as to what was meant by a credible witness. Even if there had been this case did not call for such a charge, as expressly held by this court in Knapp v. State, 101 S. W. Rep., 449.

There is no error presented in appellant's various criticisms of the court's charge. Most, if not all, of these criticisms are quite hypercritical. In the preliminary statement of the case the court did not undertake to fully define perjury and it was unnecessary to do so in this preliminary statement, but the balance of the charge, in submitting the case, fully and completely embraces all the elements and requirements to constitute perjury. It was proper for the court to tell the jury, as required by article 305, Penal Code, that a false statement made through inadvertence, or under agitation, or by mistake, is not perjury.

Appellant has some bills of exception to the admission of certain evidence. It is unnecessary to take them up separately. We will state the substance of them. Appellant was a Mexican and could not speak English. He testified in the County Court case through an interpreter, who is expressly provided for by our law. (Art. 816, C. C. P.) This interpreter testified on this trial, but testified in substance that he could not remember fully the testimony of the appellant in the County Court case, but expressly testified that the appellant did then testify to one or the other of said false statements charged by the indictment in this case. The State thereafter introduced another witness, who testified that he was on the jury that tried appellant in the County Court case and that the interpreter interpreted to the jury defendant's testimony in that case, and told the jury what defendant testified on the point. The appellant objected to this juror's testimony on the ground that it was hearsay. The court, in allowing the bill, qualified it by explaining that the interpreter in this case testified that he had forgotten what the defendant testified to in the case in the County Court, but he truly and correctly interpreted what he said at the time. In our opinion the testimony of the juror was not hearsay and was admissible. 1 Wharton Cr. Ev. (10 ed.), sec. 224. In Commonwealth v. Storti, 177 Mass., 339, as given in a note, 16 Cyc., 1198, it is stated, where an interpreter swears that he truly translated certain evidence to a court stenographer, the stenographer may then swear that he has truly reproduced the statements made to him by the interpreter. See Misher v. State, 152 S. W. Rep., 1049.

Appellant has several bills of exception to the exclusion of the testimony of certain witnesses,—as to one of the State's witnesses, Will Plummer, and the charge of the court withdrawing certain testimony from them by and about this witness Plummer. The substance of it all is that by one witness appellant wanted to prove that the general reputation of said witness Plummer was that of a professional gambler; and while the witness Will Plummer was on the stand himself, he asked him if he was not a professional gambler, and Plummer answered that

he was not. Also when the witness Plummer was on the stand he wanted to prove by him that he didn't gamble pretty often and every time he was in town and had money, and made this latter proof by the witness himself at the time. On objection by the State and a motion that this testimony be withdrawn from the jury, the court withdrew that testimony and told the jury they would not regard it. All this testimony and offered testimony by appellant, was for the purpose of going to the credibility of the witness Plummer. A witness can not be impeached by any such evidence. See Branch's Crim. Law, sec. 868. So far as the witness Plummer himself, on cross-examination, testifying that he was not a professional gambler, his answer was conclusive and appellant could not contradict it. Branch's Crim. Law, sec. 869. It is unnecessary to discuss this question or cite the cases so holding on these questions, and upon the motion of the State when such evidence did creep in, the court properly withdrew it from the jury.

The State did not have to prove that the jury in the County Court case was sworn. Schooler v. State, 52 Texas Crim. Rep., 331, and cases there cited.

The proof in this case is clear, full and convincing and all the necessary facts of perjury were shown by two witnesses or more. There being no reversible error, the judgment is in all things affirmed.

*Affirmed.*