## ALBERT LEE V. THE STATE.

No. 15531.   Delivered January 18, 1933.
Rehearing Denied February 22, 1933.
Reported in 57 S. W. (2d) 123.

The opinion states the case.

*John Moyers* and *J. R. Creighton,* both of Mineral Wells, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for perjury; punishment, three years in the penitentiary.

Appellant moved to quash the indictment on the ground that same alleged that the grand jury, before whom the false testimony was given, was in session in "Palo Ponto" county, Texas, and that no such county existed; also that said indictment alleged that the offense then being investigated by the grand jury was committed in "Palo Poito" county, Texas, hence a grand jury of Palo Pinto county would have no jurisdiction. The bill of exception bringing forward this complaint exhibits neither the original nor a certified copy of the indictment. The indictment copied in the transcript, as a necessary part thereof,

recites that the grand jury, duly sworn and impaneled, in and for the county of Palo Pinto, at the October term, 1931, of the district court, * * * upon their oaths present into said court that on October 30, 1931, * * * in the county and state aforesaid, Albert Lee * * * before the duly organized grand jury for said county, * * * in session at the October term, 1931, of the district court of Palo Pinto county, was a witness, * * * and it was a material inquiry before said grand jury * * * whether in said county and state one Lono Lee did make an assault * * * and whether said Lono Lee was present at * * * and said Albert Lee did, in said county and state, before said grand jury * * * testify that said Lono Lee did not assault said Southern, and was not present at said school house on the day and date mentioned; which said testimony was in substance and effect "That on the 29th day of October, 1931, the said Lono Lee did not assault the said Southern in 'Palo Poito' county," which said statement was "false, * * * when in truth and in fact the said Lono Lee did on said date make an assault on said Southern in Palo Pinto county, Texas, and was present at said school house,' " etc.

It is perfectly clear that the use of the word "Poito," as and when stated above, was either an error in spelling or a typographical error, which did not mislead, misinform or in any way operate to the hurt or prejudice of appellant's case. Harden v. State, 85 Texas Crim. Rep., 220. See notes under article 412, Vernon's C. C. P.

If there was any question on this point, it is plain that, inasmuch as there was another ground of perjury laid, submitted, and proved, the trial court did not err in overruling the motion to quash. See Holden v. State, 18 Texas App., 91; Harvey v. State, 92 Texas Crim. Rep., 645; Barber v. State, 64 Texas Crim. Rep., 96; Robertson v. State, 68 Texas Crim. Rep., 243; Mares v. State, 71 Texas Crim. Rep., 303; Logan v. State, 96 Texas Crim. Rep., 601.

Appellant's defense was that he swore the truth before the grand jury when he said that Lono Lee was not present and did not make the assault. This defensive theory was fully and affirmatively submitted in the charge of the court in a manner acceptable to appellant, and we see no good reason for complaint at the refusal of a special charge seeking to have the jury told that if they believed one Norman Howell committed the alleged assault, or had a reasonable doubt thereof, to acquit appellant. The court could not give such charge in any event in view of the fact that there was another ground of perjury laid in the indictment and relied on by the state.

There was no controversy as to the fact that appellant was legally sworn when before the grand jury, and no error appears in the court's action in telling the jury in the charge that the oath was a legal oath; so likewise the materiality of testimony assigned as perjury is a question of law for the court ordinarily, and, under the facts of this case, it was not error for the court to tell the jury in the charge that the alleged false testimony was material. Scott v. State, 35 Texas Crim. Rep., 11; Luna v. State, 44 Texas Crim. Rep., 482; Jones v. State, 76 Texas Crim. Rep., 398. Bills of exception 3, 4 and 5 present these matters.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—No new questions are presented in appellant's motion for rehearing. A re-examination of the indictment found in the record does not lead us to believe we were in error in our original holding that it should be sustained against the attack upon it.

The motion for rehearing is overruled.

*Overruled.*