CRISOFORO GALINDO V. THE STATE.

No. 17837. Delivered January 15, 1936.

Te opinion states the case.

*Robert M. Lyles,* of Conroe, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for perjury; punishment, two years in the penitentiary.

The record is here without any bills of exception. The charge in the indictment was that appellant committed perjury

by swearing to an application for a continuance of a case pending against him, stating in the application that three named witnesses were absent without his knowledge or consent, and that the application was not made for delay, and that there was no reasonable expectation of procuring the presence of said witnesses during the instant term of the court below. Upon the trial it was shown beyond question that appellant made said application, and swore to the same before the district clerk of Val Verde county.

Upon the trial it was made to appear in testimony that all three of the witnesses named in the application for continuance referred to, were present in or near Del Rio, the county seat of Val Verde county, on the day set for the trial of appellant's case, being the same day on which he made and presented his application for continuance. One of the witnesses was at his home a few blocks from the court house at the time the application was made and presented, and the others were in and near the city of Del Rio, and each of them testified upon this trial that notwithstanding they had been summoned as witnesses sometime prior to the date set for the trial,—the date the application for continuance was made,—that he had not been notified by the appellant of the date of the setting of the trial of the case, and that he had no information that it was coming up or set for the 15th of February, 1935, that being the date of the filing of the application for continuance. It appears manifest that the statements made by the appellant in his application for continuance were false, and their falsity was established by the testimony of the several witnesses mentioned.

The law of the case is much like that of Beach v. State, 32 Texas Crim. Rep., 240, which was approved and followed in Hutcherson v. State, 33 Texas Crim. Rep., 73; Hunter v. State, 95 Texas Crim. Rep., 394; Williams v. State, 109 Texas Crim. Rep., 116; Weadock v. State, 118 Texas Crim. Rep., 537. The evidence seems sufficient to support the conclusion of guilt.

Appellant filed a number of exceptions to the charge of the court, which have been examined, but none are believed to be tenable on behalf of appellant. It is held permissible by all the authorities to set out in the charging part of the indictment more than one false statement attributable to the accused, and that proof of the falsity of any one of said statements so material would support the conviction. This rule appears laid down in each of the cases above mentioned.

We think the testimony of each and all of the witnesses sufficient to support the conclusion as to the falsity of the

statements in appellant's motion for continuance, and especially the averment that the application was not made for delay, and that there was no reasonable expectation of securing the presence of the witnesses during the then term of court. These averments were passed upon directly by this court in the case of Beach v. State, supra.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*