## W. P. SMITH v. STATE.

No. 25,983. November 26, 1952.
State's Motion for Rehearing Granted
March 4, 1953.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) April 22, 1953.

488

*Victor B. Rogers,* Fredericksburg, *Lee and Lee,* Mason, and *Newman & McCollum,* by *Sam McCollum,* Brady, for appellant.

*Sam Connally,* District Attorney, San Saba, *Arthur Stehling,* Special Prosecutor, Fredericksburg, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is perjury; the punishment, two years.

The indictment herein charges the appellant with having testified falsely in a case in which he was tried in the county court of Gillespie County for seriously threatening to take the life of one Kurt Kramer. The false testimony alleged was that on October 23, 1949, he was not on the land belonging to Kurt Kramer and did not have a conversation with the said Kramer.

The indictment further alleges that at such trial it became material to inquire whether appellant was on said land or had such conversation.

Kramer, his wife and daughter testified that on October 23,

1949, they had come upon the appellant, who was carrying the carcass of a deer across Kramer's land, and that when they made their presence known to appellant he had pointed his rifle at them and threatened to kill them.

The state offered the county judge who presided at the original trial, together with excerpts of a transcript of the appellant's testimony, as proof that appellant had made the statements alleged in the indictment. This phase of the evidence will be discussed more fully later on in the opinion.

Appellant, testifying in his own behalf, stated that he had not left the land under his own control on the day in question until some time after the hour set by the Kramers and, therefore, could not have been on the Kramer land at the time and place where they testified he had threatened them. In this, he was in varying degrees supported by his witnesses.

Otto Greinke testified that he had, at the former trial in the county court, testified falsely at the behest of appellant as to an alibi for him for October 23, 1949. In this, he was corroborated by the testimony of his wife.

The issue of fact thus drawn was resolved by the jury against the appellant.

We shall now attempt to discuss the contentions presented by appellant's able counsel in their brief.

Appellant contends that the state failed to prove the allegations in the indictment in that it was alleged that the appellant had testified that he was not on land belonging to Kramer; whereas, in proving the falsity of this testimony the state proved that the land in question belonged jointly to Kramer and his two sisters and that he was in charge thereof. We think that when the state proved that Kramer had the land under his care, control, and management that the state had discharged the burden incumbent upon it.

Appellant forcefully presents the claim that the material issue in the county court case was whether appellant had seriously threatened to take the life of Kurt Kramer and that the allegations in the instant indictment were immaterial to such issue. That is, they contend that appellant's testimony at the former trial that on October 23, 1949, he was not on the land

belonging to Kramer and did not have a conversation with him was immaterial to the issue then before the court and, therefore, could not constitute the basis for perjury.

We concede the correctness of appellant's position that testimony that is immaterial to the issue before the court cannot be the basis for a prosecution for perjury, but we do not agree that such is the question here presented.

Recently, in Brinkley v. State, 154 Tex. Cr. R. 466, 228 S. W. 2d 522, we said:

"Undoubtedly the matter at issue therein at such trial was whether the accused, Orla L. Brinkley, was present at the time and place the baby was alleged to have been beaten or whether he was not there present at such time. The state contended that he was thus present; the accused, Orla L. Brinkley, contended he was not present at such place at such time *and therefore could not have killed such child.* The appellant's testimony became material in that she swore he was not there but was at another place at such time. The issue was material as to whether he was at such scene at the time of the beating of the child, or whether he was not at such scene."

The issue here is almost identical. If the appellant was not on the land belonging to Kramer and did not have a conversation with him on October 23, 1949, then he could not have made the serious threat to take Kramer's life on that day. This is so because Kramer had testified that the only time he had seen the accused on the day in question was when he found him on his land.

Appellant next contends that the state failed to prove all the allegations in the indictment.

It will be remembered that the indictment charged two assignments of perjury, to-wit:

1. That appellant was not on the land belonging to Kurt Kramer on October 23, 1949, and

2. That appellant did not have a conversation with Kramer on said date.

It was conclusively established by both the testimony of the county judge who presided at the trial in the county court and the transcript in the county court case that appellant had testi-

fied as to Assignment No. 1. Assignment No. 2 was not so well supported. It is because of this that appellant contends that the state failed to make out the case as alleged.

In the relatively early case of Beach v. State, 32 Tex. Cr. R. 240, 22 S. W. 976, we said:

"It is well settled that where there are several assignments of perjury, and there is proof sufficient to sustain any good assignment, a general verdict will be sustained. 2 Bish. Crim. Proc., par. 934; Whart. Crim. Law, 2260; 2 Grenl. Ev., par. 93; Amer. & Eng. Enc. Law, tit. 'Perjury,' par. 7."

Again, in Simpson v. State, 46 Tex. Cr. R. 77, 79 S. W. 530, when speaking of a contention similar to that now before us, we said:

"Where there are several assignments of perjury, a conviction may be predicated upon either, and it is not necessary to prove the others."

In the comparatively recent case of Galindo v. State, 129 Tex. Cr. R. 532, 89 S. W. 2d 990, we said:

"It is held permissible by all the authorities to set out in the charging part of the indictment more than one false statement attributable to the accused, and that proof of the falsity of any one of said statements so material would support the conviction."

In view of these and other decisions cited therein, we overrule appellant's contention in this respect.

What we have just said disposes of appellant's contention that the proof herein does not meet the requirements of Article 723, C. C. P. The excerpts from the transcript and the testimony of the county judge show without question that the appellant had testified that on October 23, 1949, he was not on land belonging to Kramer.

Appellant contends that paragraph ten of the court's charge was upon the weight of the evidence in that he told the jury therein that statements alleged to have been falsely made by the appellant "were material to the inquiry and to the issue joined."

In Lee v. State, 123 Tex. Cr. R. 32, 57 S. W. 2d 123, we said:

". . . so likewise the materiality of testimony assigned as perjury is a question of law for the court ordinarily, and, under the facts of this case, it was not error for the court to tell the jury in the charge that the alleged false testimony was material. Scott v. State, 35 Tex. Cr. R. 11, 29 S. W. 274; Luna v. State, 44 Tex. Cr. R. 482, 72 S. W. 378; Jones v. State, 76 Tex. Cr. R. 398, 174 S. W. 1071."

Appellant finally presents several objections to the court's charge. When read as a whole, we conclude that the charge properly instructed the jury on the law applicable to the case at bar.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON STATE'S MOTION FOR REHEARING.

GRAVES, Presiding Judge.

It is contended herein by the state that the opinion on motion for rehearing which reverses this cause is based mainly upon the authority of Brown v. State, 40 Tex. Cr. R. 48, 48 S.W. 169. In that case it is again affirmed that "the proper course of pleading is to negative specially each part of the defendant's testimony which is alleged to be false; and, if any material assignment be adequately proved, it is enough to support the indictment, if falsity be satisfactorily shown," quoting from 2 Wharton's Crim. Law, sec. 1316. The same doctrine is again laid down therein generally as follows: More than one statement can be alleged in an indictment for perjury and the proof of either of said statements will constitute a good indictment.

In Galindo v. State, 129 Tex. Cr. R. 532, 89 S.W. (2) 990, an affidavit for a continuance was made by the accused in which he set forth the fact that three certain witnesses had had subpoenas issued for them but he was unable to find any one of the three. However, the testimony showed that he knew the whereabouts of these three witnesses and their attendance could have been compelled at the trial of his case. The portion of his affidavit upon which he was convicted was that he had stated therein that this motion "was not made for delay." The court held therein that it being alleged that such motion was not made for delay, the fact of his knowledge of the whereabouts of the witnesses could be utilized for the purpose of upholding

the conviction. To the same effect is the case of Adellberger v. State, 39 S. W. 103, wherein in the same count of the indictment two false statements were alleged to have been made by the accused. The court held that it was necessary that only one of such statements be shown to have been false. To the same effect is Urben v. State, 77 Tex. Cr. R. 26, 178 S.W. 514. In that case several assignments were made relative to the false statement. The court held that proof of only one of the same was necessary to a conviction.

Referring again to the Brown case, supra, the charge of the false testimony therein was that the witness testified before the grand jury that he saw a certain party at a place about a mile and a half from the Guadalupe County line driving 16 head of hogs which were the property of Berl Randell, thus establishing that if such facts were true said party was stealing these 16 hogs. The testimony produced on the trial was that the witness had testified that he saw this accused person in the hog theft case driving 16 head of hogs, but nowhere therein does he say that the hogs were the property of anyone else, and especially he did not say that they were the property of Berl Randell. The trial court then charged the jury that it was not a material matter as to who was the owner of the hogs that this accused person was driving and therefore refused to instruct the jury that it was necessary that these hogs be proven to have been the property of Berl Randell. This case was reversed because it was never shown that Brown testified that these were the hogs belonging to Berl Randell that were being driven away by the accused person. The whole transaction itself is centered on whose hogs were being driven away by the accused person. If they were his own hogs, he had a right to drive them, but if they were not his own, then it was necessary to show whose hogs they were before any person could have been proven to be guilty of the theft of these hogs. So, under the circumstances, the whole transaction should have been taken together, and it would be material to show whose hogs this man is supposed to have stolen. The court said that this was an immaterial matter. We did not agree to such at the time this case was decided and we do not now agree with it. We do not think the Brown case is controlling in the present instance because it is claimed to have been shown by the testimony that this man (Smith) testified that he was not on the land of Mr. Kramer at the time set forth in the indictment. Therefore, he could not have had a conversation thereon with Mr. Kramer. It was material as to whether or not he did in fact have a con-

versation with Mr. Kramer as testified to by three witnesses. We also think that under the facts herein shown it could be fairly deduced that the appellant's testimony taken as a whole would show that he denied not only being on the land of Mr. Kramer but also denied having had any conversation thereon with him.

We are cited to the case of Ziegler v. State, 121 Tex. Cr. R. 91, 50 S.W. (2d) 317. We think this case is not in point, if for no other reason, because of the fact that it relates to a false affidavit which, under the statute, is denominated false swearing rather than perjury. Such case draws a close distinction between the two and quotes from Wilson v. State, 49 Tex. Cr. R. 496, 93 S.W. 547, as follows:

"We understand any false oath as to something past or present, affords the basis of false swearing. It is not necessary that it be on a material question, as in perjury; it is simply requisite that it be a false affidavit to a fact past or present."

We quote from Robertson v. State, 68 Tex. Cr. R. 243, 150 S.W. 893, as follows:

"Appellant contends that, as the indictment charged conjunctively several different false statements alleged to have been made by appellant, the court could not single out any one of them, but was compelled to charge on all of them taken together and not disconnected. In this case the indictment is clearly so drawn as to present separate and distinct allegations of material false testimony, and to distinctly traverse them, in which case the reverse of appellant's contention is true. Sisk v. State, 28 Tex. App. 436, 13 S.W. 647; Washington v. State, 23 Tex. App. 336, 5 S.W. 119; Jackson v. State, 15 Tex. App. 579; Donohoe v. State, 14 Tex. App. 638; Terry v. State, 62 Tex. Cr. R. 73, 136 S.W. 485."

In the case of Campbell v. State, 43 Tex. Cr. R. 602, 68 S.W. 513, the indictment alleged that in an affidavit the appellant had falsely sworn that he was the lawful owner of certain cattle under certain brands. It was held that said indictment charged ownership of two different herds. The indictment is not bad as the pleader could rely on proof of either. It was not necessary to offer proof of both such herds.

In Moore v. State, 32 Tex. Cr. R. 405, 24 S.W. 95, it was said:

"The indictment contains but one count, in which perjury is assigned upon two statements made before the grand jury at the same time, in regard to the same subject-matter. It is so well settled in this state that proof of the falsity of either statement, if the statements were both material and properly assigned, as was the case in this prosecution, will support a general verdict, that we deem it unnecessary to discuss the question."

In Logan v. State, 96 Tex. Cr. R. 601, 258 S.W. 830, we held:

"It is the rule that when more than one assignment is laid in a perjury charge, those not material or not proven will be rejected and still a conviction upheld if material assignments appear and are supported by proof."

In 32 Tex. Jur. p. 807, sec. 25, it is said:

"Where there are several assignments of perjury or false swearing, proof of any material assignment is sufficient to support a conviction, although immaterial assignments may have been submitted to the jury."

Under these circumstances and this line of decisions, we are of the opinion that the opinion on appellant's motion for rehearing should be withdrawn, and the state's motion for rehearing should be granted and this cause affirmed, as set forth in the original opinion herein, and it is so ordered.