### HARRISON TERRY v. THE STATE.

#### No. 1020. Decided April 12, 1911.

**1.—Murder—Killing by Poison—Statement of Facts—Filing.**

Where, upon appeal from a conviction of maliciously mingling strychnine with coffee with intent to kill, the record showed no diligence on the part of appellant or his counsel to prepare a statement of facts and bills of exception and file them in the proper time, or that such statement of facts was ever presented to the trial judge for his action, the same will be stricken from the record on the motion of the State.

**2.—Same—Charge of Court—Party Injured.**

Where the indictment charged that the poison was mingled and mixed with the coffee with the intent of the defendant to injure two persons named in the indictment, and the court's charge in submitting the question of intent named only one of said injured parties, there was no error. Following Scott v. State, 46 Texas Crim. Rep., 305, and other cases.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of maliciously, etc., mingling poison with coffee with intent to kill; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Wiley & Baskett,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant was indicted, charged with unlawfully, wilfully and maliciously mingling strychnine with coffee with the intent thereby to injure and kill Mrs. P. James and William Tufts. He was convicted, and his punishment assessed at five years confinement in the penitentiary.

The State by its Assistant Attorney-General has made a motion to strike out what purports to be a statement of facts, on two grounds, first, that it was not presented and filed in the lower court within the time prescribed by law, and second, because it was not approved or passed upon by the judge of the court.

'This case is exactly like the case of Charlie Roberts, alias Browney v. State, recently decided by this court, but not yet reported. The only difference between the two cases is that the motion for a new trial and the sentence in the lower court were four days earlier in this case than in the said Roberts, alias Browney case, and there has been sent up with the record a purported statement of facts which has not the action of the judge thereon. The same affidavits practically word for word, except applicable to this case instead of to the Roberts, alias Browney, case, was filed in this court about the statement of facts as in said other cause, and the affidavit of the judge shows that this purported statement of facts was never at any time presented to him for his action. The motion of the Assistant Attorney-General is, therefore, sustained on both grounds urged.

There is but one question raised by the appellant which we can consider, as none of the others can be considered because there is no statement of facts. That question is this: As stated above, the indictment charges that the poison was mingled and mixed with the coffee with the intent of the appellant to injure and kill said Mrs. James and Tufts. By the charge of the court, the question of the intent to injure and kill Mrs. James alone was submitted. The appellant claims that this is a fatal error and must result in a reversal of the judgment. This identical question was before this court in the case of Scott v. State, 46 Texas Crim. Rep., 305, and was well considered. The court, through Judge Henderson, decides the point clearly and specifically against the appellant. The same question is decided against the appellant by this court also in the case of Nite v. State, 41 Texas Crim. Rep., 341. See also Keaton v. State, 41 Texas Crim. Rep., 621; Augustine v. State, 41 Texas Crim. Rep., 59, and Herera v. State, 35

Texas Crim. Rep., 607. It is unnecessary for us now to further discuss this question.

There being no error in the record, the judgment is affirmed.

*Affirmed.*