## WALTER ROBERTSON v. STATE.

No. 1717.   Decided November 13, 1912.

**1.—Perjury—Practice on Appeal—Brief—Waiver.**

It is the practice of the Court of Criminal Appeals to consider and pass upon all questions raised in the court below unless they are expressly waived, and the failure to present them in counsel's brief is not a waiver.

**2.—Same—Indictment.**

Where, upon trial of perjury the indictment followed approved precedent, the same was sufficient.   Articles 465, 453, and 460, Code Criminal Procedure.

**3.—Same—Warning—Grand Jury.**   .

Upon trial of perjury for giving false testimony before the grand jury, it was not necessary that the indictment allege that defendant was warned by the grand jury that he was not compelled to inform on himself; nor was it error to admit testimony that he was so warned.

**4.—Same—Evidence—Moral Turpitude.**

Where appellant's bill of exceptions did not show that the witness had been convicted of a felony, there was no error in rejecting testimony that said witness had made one sale of intoxicating liquors, as this could have been a misdemeanor.

**5.—Same—Charge of Court—Minority—Article 743.**

Where, upon trial of perjury the indictment alleged among other things that the defendant had delivered intoxicating liquors to a certain minor without the consent of the parent, and that defendant falsely swore that he had not made such delivery, the court should have submitted this issue; but in as much as the evidence on this point was in no way contested, there was no error under Article 743, Code Criminal Procedure.

**6.—Same—Charge of Court—Separate Offenses.**

Where the indictment for perjury was clearly so drawn as to present separate and distinct allegations of material false testimony and to distinctly traverse them, there was no error in the court's failure in not charging the several different false statements conjunctively. Following Terry v. State, 62 Texas Crim. Rep., 73, and other cases.

**7.—Same—Credible Witness—Corroboration.**

Where, upon trial of perjury, the false testimony alleged in the indictment was fully proven by one credible witness and strongly corroborated by other evidence, and the court properly submitted this question to the jury, the conviction was sustained.

**8.—Same—Requested Charges—Credible Witness.**

Upon trial of perjury, it was proper that the court submitted the question as to whether the main State's witness was a credible witness to the jury and whether he had been sufficiently corroborated, and there was no error in refusing a special instruction to instruct the jury as a matter of law, that because the State's witnesses had been contradicted that he was, therefore, not a credible witness.

Appeal from the District Court of Hopkins. Tried below before the Hon. R. L. Porter.

Appeal from a conviction for perjury, penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. D. Allen,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

### ON MOTION FOR REHEARING.

PRENDERGAST, JUDGE.—Apellant has filed a motion for rehearing herein, wherein he claims that he waived and does now waive certain questions raised in the court below, discussed and decided by the original opinion herein and requests and urges the court to so change the original opinion herein as to omit such matters, stating that it places him in an embarrassing position because of the fact that he had waived the said questions.

Appellant's statement that he had waived questions is based on the idea that because he did not present them in his brief, thereby he waived them. This is not the practice in this court and never has been. That is the practice in the Courts of Civil Appeals for the rules there prescribe expressly that when a question raised in the lower court is not presented by the briefs it is thereby waived and the rules also there prescribe in civil cases that if no brief is filed

by the appellant the court will not consider the case but dismiss it. This court cannot under the law dismiss any case because no brief is filed for the appellant, but must consider, whether briefed or not, all questions raised and properly presented by either bills of exceptions or grounds of the motion for new trial. Frequently attorneys in briefing their cases here, brief only a portion of the questions thus raised and experience has shown us that when we pass upon those questions alone, generally we are taken to task by attorneys in motion for rehearing because we did not pass upon the questions thus raised. Hence, it is the practice of this court to consider and pass upon all questions raised in the court below, unless expressly waived in this court.

However, as appellant's attorney in this case was laboring under this mistake in the practice of this court, and urges that such questions as he had not briefed were waived and urges the court further to omit from the opinion the discussion and decision of such questions, we have concluded in justice to him, to comply with his request. Therefore, the original opinion as heretofore rendered is hereby set aside and vacated and will not be published. Instead thereof this is given as the original opinion:

PRENDERGAST, JUDGE.—Appellant was convicted of perjury and given the lowest penalty,—two years in the penitentiary.

The evidence in this case was uncontradicted. Appellant introduced no evidence and did not testify himself. In some instances he did not cross-examine the witnesses. The evidence clearly shows that on August 9, 1911, Paul Garvin, a boy eighteen years of age, had delivered to him and received a case of four dozen pint bottles of beer at or near Como in Hunt County, Texas. On August 28, 1911, the District Court of said county convened in regular session on which date the grand jury was properly organized and went to work. Information was received by it that said boy, Paul Garvin, had received said beer and began to investigate how and from whom he had procured it. They summoned him as a witness and tried to get him to tell it but he refused. They properly laid the matter before the district judge and court and he was committed to jail until he would testify. He was thus in jail about a week. Just before all this occurred the grand jury properly summoned appellant before it as a witness. He was duly sworn and then properly informed by the district attorney, who was present conducting the examination, and by the grand jurors, of the said question which they had under investigation and repeatedly informed him and told him that if he was in any way guilty of violating any law in that matter, he could not be forced to give evidence against himself, but in the event he did make any statement in the grand jury room his evidence could be used against him on the trial, if there was a trial. The matter was, as stated, fully explained to him and gone over with him that

if he was guilty in any way in the transaction he did not have to tell it and could not be forced to tell it. After being thus fully informed and warned, he said he wanted to make a statement and then and there did make a statement. He was then asked if he did not give Paul Garvin permission to use his name in ordering a shipment of beer at Como on or about August 9, 1911. He swore he did not give him permission to use his name at that time or any other time. He was then asked if it were not a fact that a shipment of beer came to him in his name in the express company's office at Como about said date, and if he did not sign his name to the express book, or make his mark on said book to get that beer, and if he did not get it and deliver it to Paul Garvin. He swore, in effect, that none of this occurred at that time or any other time. The testimony further clearly shows that he testified falsely in all this; that on or about August 9, 1911, at Como, in said county, he did permit and authorize Paul Garvin to order said beer in his, appellant's, name; and that he, appellant, on or about said date did sign his name and make his mark on the express company's books at Como in said county and receive from the agent at said express office a shipment of beer consigned to him and did deliver the same on that date to said Garvin.

Appellant made a motion, which was overruled, to quash the indictment on the grounds: (1) That it charged no offense against the laws; (2) that it was uncertain, confusing and did not give appellant notice of the offense with which he was charged; (3) that the allegations of fact upon which the perjury was based was upon immaterial matter; (4) that it shows on its face that the grand jury was investigating an offense supposed to have been committed by appellant, and it does not show that he was warned by the grand jury that he was not compelled to inform on himself and did not disclose to him his rights in testifying, and does not show that it was investigating offenses generally, but was an investigation of supposed criminal acts of the appellant; (5) it is contradictory in that it alleges that he did sign his name and make his mark to the shipment of liquor, and (6) it does not allege that the beer received by him and delivered to said Garvin was intoxicating.

The indictment in this case in all respects substantially and in every respect as literally as it could be, is in accordance with the form for such an indictment laid down by Judge White in Sec. 333 of his Annotated Penal Code, and has been approved uniformly by this court in a large number of cases collated and cited under said section. After all of the necessary preliminary allegations, it alleges that it became and was a material inquiry before said grand jury and necessary for the due administration of the criminal laws of Texas and the ends of public justice, whether appellant at said time and place did unlawfully give and deliver, or cause to be given and delivered to said Garvin, a person then under the age of twenty-

one years, intoxicating liquor, and that appellant as such witness before said grand jury, under the sanction of an oath so properly and legally administered to him on said date, did deliberately, wilfully and corruptly testify and say in substance and effect that he did not in said county on or about said date, or at any other time during the year 1911, permit said Garvin to order intoxicating liquor in his name; and that he on or about said date did not sign his name or make his mark on the express books at Como, said county and State, and receive from the agent at said office a shipment of beer consigned to him and did not deliver or cause it to be delivered to said Garvin. That said statements were material in this: That said Garvin is a person under twenty-one years of age and on or about said date at Como in said county said Garvin received a shipment of beer at the express office in said town; that the grand jury was investigating to ascertain who was guilty of violating the provisions of the Penal Code against giving and delivering, or causing to be given and delivered intoxicating liquors to a person under the age of twenty-one years without the written consent of the parent of such minor; whereas, in truth and fact, as he, appellant, then and there well knew, he did unlawfully in said county on or about said date permit said Garvin to order intoxicating liquors in his name; and that he, appellant, on or about said date did sign his name and make his mark on the express books at Como, said county and State, and did receive from the express agent at said office a shipment of beer consigned to him, appellant, and did unlawfully deliver and cause it to be delivered to said Garvin, the said Garvin then and there being a person under the age of twenty-one years, without the written consent of the parent of said Garvin. And said statements so made by appellant before said grand jury were deliberately and wilfully made and were deliberately and wilfully false as he then and there well knew. We think it unnecessary to take up the several allegations of this indictment, under the authorities, to show that none of appellant's grounds to quash are well taken. The indictment itself, the full substance of which we have given, we think answers each and all of the objections made thereto. It sufficiently and fully substantially complies with our statutes prescribing the requisites of indictments generally and the indictment for perjury. Code Crim. Proc., Articles 465, 453, and 460.

It was not necessary for it to allege that appellant was warned by the grand jury that he was not compelled to inform on himself and that he had the right to decline to testify against himself. And the court did not err in permitting witnesses Lewis, Martin and Sweeton to testify that when appellant appeared before the grand jury he was warned that he did not have to testify to anything that would incriminate him and was not compelled to testify against himself and that if he did testify, anything he might say could be used against him, but not for him, on the trial of his case, on the obje ·

tion by appellant that there was no allegation in the indictment of such warning.

Neither did the court err in refusing to allow appellant to prove by the witness Paul Garvin one sale of intoxicating liquor made by him, the court stating to counsel that he would permit him to show and prove that the witness was following or pursuing the occupation of selling, or that he had been so charged, no effort being made by appellant to do this. Appellant's bill attempting to raise this question does not show that he attempted to prove that witness had been indicted or convicted of a felony for unlawfully selling intoxicating liquors at any time or in any way. Even if he had been convicted of selling intoxicating liquor in prohibition territory as a misdemeanor, it would not have been admissible, as all the decisions of this court on the point so decide. It is unnecessary to cite them.

In his motion for new trial appellant complains that the court erred in his charge in that nowhere was the issue of the minority of Paul Garvin submitted to the jury for a finding, as alleged in the indictment, nor to the consent or non-consent of the parent of said Garvin to permit the delivery of liquor to him. The court in his charge did omit this, but the evidence on this point was in no way contested on the trial. Both witnesses, Paul Garvin and his father, testified that he was eighteen years of age. They were not even crossed on this subject. Appellant asked no special charge whatever on the subject. Paul Garvin's father testified positively that he did not give appellant, nor anyone else, the written permission to give or deliver to his son Paul any intoxicating liquor—beer or whisky. It would have been proper for the court to have submitted both of these questions to the jury, but such error was in no way calculated to injure the rights of the appellant and did not in any way injure his rights. Under such circumstances Article 743 (723), Code Crim. Proc. requires, "the judgment shall not be reversed."

Appellant contends that as the indictment charged conjunctively several different false statements alleged to have been made by appellant that the court could not single out any one of them, but was compelled to charge on all of them taken together and not disconnected. In this case the indictment is clearly so drawn as to present separate and distinct allegations of material false testimony and to distinctly traverse them, in which case the reverse of appellant's contention is true. Sisk v. State, 28 Texas Crim. App., 432; Washington v. State, 23 Texas Crim. App., 336; Jackson v. State, 15 Texas Crim. App., 579; Donohoe v. State, 14 Texas Crim, App., 638; Terry v. State, 62 Texas Crim. Rep., 73, 136 S. W. 485.

The only other question appellant raises which is necessary to consider is, his contention that the record shows the falsity of appellant's testimony by but one witness and that there is no strong corroborating evidence to sustain this witness. The question of the credibility of the witness and that where only one witness testifies,

he must be corroborated by other evidence, was fully, amply and properly submitted to the jury. The false evidence which the court submitted was that appellant did not sign his name or make his mark on the express books at Como, Hopkins County, Texas, and receive from the agent at said express office a shipment of beer consigned to him and did not deliver or cause it to be delivered to said Paul Garvin. In our opinion this was fully proven by one witness and strongly corroborated by ample and sufficient other evidence to legally sustain this conviction.

There being no reversible error pointed out and the evidence fully and amply sustaining the conviction, the judgment will be affirmed.

*Affirmed.*

PRENDERGAST, JUDGE.—In his motion for rehearing appellant complains on two grounds only. First, that the court erred in holding that the indictment was sufficient in that it did not expressly allege that the appellant was warned, etc., before he testified before the grand jury and that because the indictment did not so allege the court erred in permitting the testimony of the witnesses Lewis, Martin and Sweeton that such warning was given. These questions were correctly decided in the original opinion and no further discussion of them is necessary.

The other ground of his motion for rehearing, as we understand it, is that the court erred in not giving his special charge shown by his bill of exceptions No. 6 to this effect:

"Now comes the defendant in the above entitled and numbered cause, after the State has rested its case, and moves the court to instruct the jury to return a verdict of not guilty, for want of legal and necessary proof of guilt, and for want of sufficiency of proof of the falsity of the alleged statement of perjury in the indictment by two credible witnesses or one credible witness strongly corroborated," claiming that this should have been given in accordance with Art. 805 (785) Code Criminal Procedure to that effect. Instead of this, the court charged the jury in a separate and distinct paragraph in the precise language as requested by appellant in his special charge No. 6: "You are instructed that a credible witness is one, who being competent to give evidence, is worthy of belief." And in addition, this: "The jury are the exclusive judges of the facts proved, of the credibility of the witnesses and the weight to be given to the testimony, but in this case the State must make out its case by the testimony of two credible witnesses or of one credible witness corroborated strongly by other evidence of the falsity of the defendant's statement under oath." And still in addition, gave appellant's 8th special charge as follows:

"A conviction for perjury can be had in this State only upon the testimony of two credible witnesses, or of one credible witness strongly corroborated by other evidence as to the falsity of the defend-

ant's statements under oath, and if you have a reasonable doubt of the sufficiency of the evidence to prove such falsity of such statement, if you find there is such evidence of falsity of the alleged statement, or if you have a reasonable doubt as to the sufficiency of evidence of the corroboration, if you find there was any corroboration, you will find the defendant not guilty.''

The effect of appellant's contention on this point is, as we understand it, that because the State's main witness, Paul Garvin, was contradicted and did not come into the court with clean hands, and his testimony showed there was a boy with him when appellant delivered the beer to him, whom the State did not have to testify, that the court, as a matter of law, must determine and charge that he was not a credible witness and, in addition, from all the testimony, must decide, as a matter of law, that there was no sufficient corroboration of said witness, which would require the court to submit the question to the jury, or justify a finding of guilty.

In our opinion the court did not err in not giving appellant's said special charge above quoted in his bill No. 6, which he complains should have been given, but that the court properly and fully submitted the question to the jury for its finding, and the charges the court did give on the subject, and those he gave as requested by appellant were as favorable to him as the law would justify. Even though the main witness for the State may have been contradicted, the court could not, as a matter of law, charge that he was an incredible witness, but must leave that matter for the jury. After a careful review of the testimony, we are of the opinion that there was ample evidence justifying the jury to believe that the State's main witness was strongly corroborated and the evidence was amply sufficient to sustain the verdict, and the court could not, as a matter of law, take that question from the jury and decide it. The record shows that said boy, who was with Paul Garvin when he testified appellant delivered the liquor to him, left the county about the time the grand jury met, and his whereabouts was unknown.

There is nothing further raised by appellant in his motion for rehearing which requires any discussion. The motion for rehearing is overruled.

*Overruled.*