GEORGE URBEN, ALIAS ROBERT E. ERWIN, v. THE STATE.

No. 3587. Decided June 9, 1915.

Rehearing denied June 25, 1915.

**1.—False Swearing—Indictment.**

Where, upon trial of false swearing, the indictment followed approved precedent, the same was sufficient.

**2.—Same—Rule Stated—Verdict—Assignments of Perjury.**

It is well settled that where there are several assignments of perjury, and there is proof sufficient to sustain any good assignment, a general verdict will be sustained. Following Manning v. State, 46 Texas Crim. Rep., 326, and other cases.

**3.—Same—Rule Stated—False Swearing.**

Any false oath as to something past or present affords the basis of false swearing, and it is not necessary that it be a material question, as in perjury; it is simply requisite that it be a false affidavit to a fact, past or present. Following Wilson v. State, 49 Texas Crim. Rep., 496.

**4.—Same—Indictment—Pleading.**

Where defendant was tried for false swearing, and the indictment alleged the proper traverse, and that said alleged false statement was deliberately and wilfully made, etc., the same is sufficient. Following Jones v. State, 75 Texas Crim. Rep., 174 S. W. Rep., 1071.

**5.—Same—Evidence—Affidavit—Attesting Witness.**

Where, upon trial of false swearing, the affidavit upon which it was based was sufficiently proven up, it was not necessary to also prove it up by the attesting witness. Following Adams v. State, 49 Texas Crim. Rep., 361.

**6.—Same—Evidence—Civil Suit—Depositions.**

Where, upon trial of false swearing, based upon an affidavit by the defendant made outside of the court, in which, among other things, it was alleged that defendant had never been ruptured, etc., there was no error in admitting in evidence the depositions of defendant in a civil suit in another court, showing that such affidavit was false, and deliberately and wilfully made.

**7.—Same—Charge of Court.**

Where, upon trial of false swearing, the court charged the jury that the word "voluntarily" meant that the alleged false statement must have been made by the defendant of his own free will and accord, it was not necessary to further define the word "voluntarily," and the court did not err in not submitting a requested charge giving a further definition thereof; the charge of the court being sufficient in other respects.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of false swearing; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Paul C. Greene* and *A. S. Baskett,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited cases in the opinion.

PRENDERGAST, Presiding Judge.—Appellant was convicted of false swearing and assessed the lowest punishment.

Appellant claimed that while working as an employe of the Missouri, Kansas & Texas Railway Company of Texas, called the "Katy," he was ruptured on July 21, 1914, by the negligence of said railway company. On July 27, following, while in a hospital for treatment for his claimed injury he was interviewed by Mr. C. H. Schuttee, the claim agent of the Katy, and then and there made a full affidavit before a proper notary public setting out in detail when and where and how he was so ruptured, and he claimed $1500 damages therefor. The proper execution of said affidavit is fully averred in the indictment and the affidavit in full copied therein with full explanatory averments. Some ten spe-

cific statements therein are alleged as the basis for false swearing, and they are each properly traversed. Among these special statements are the five following: "This is the first work I ever did in the employ of a railroad." "I was never ruptured before in my life, and never before my accident on the Katy did I ever have a swelling in my groins and in my back and never had any soreness in my groins or bag." "I have never before in my life sustained an injury while working for a railroad or street car company and have never sustained an injury on a railroad or street car company when I was not in their employ." "I have never before had a claim or suit against a railroad or street car company and have never collected or been paid money for a claim or suit." "I have never had a claim or suit against anyone before in my life."

The indictment is in two counts; each is very voluminous. We can see no material difference between them, except perhaps the second is somewhat shorter than the first. Each is substantially, if not literally, in the form prescribed by Judge White in sec. 352 of his Ann. P. C., and also that of Judge Willson in his form 142.

Appellant made a motion to quash the indictment on various grounds. Most of these become wholly immaterial because the court in his charge restricted the jury to the consideration of the above five of the statements made the basis of false swearing. As expressly held by this court in Beach v. State, 32 Texas Crim. Rep., 240: "It is well settled that where there are several assignments of perjury, and there is proof sufficient to sustain any good assignment, a general verdict will be sustained. 2 Bish. Crim. Proc., sec. 934; Whart. Crim. Law, 2260; 2 Greenl. Ev., sec. 93; Am. & Eng. Ency. of Law, title 'Perjury,' sec. 7." Moore v. State, 32 Texas Crim. Rep., 405. In Simpson v. State, 46 Texas Crim. Rep., 77, this court said: "Where there are several assignments of perjury a conviction may be predicated upon either and it is not necessary to prove the others." Manning v. State, 46 Texas Crim. Rep., 326; Hutcherson v. State, 33 Texas Crim. Rep., 67; Robertson v. State, 68 Texas Crim. Rep., 243, 150 S. W. Rep., 893. We will, therefore, state his objections as applicable only to the last two of the above quoted assignments made the basis of false swearing herein.

One of his grounds to quash is, because the indictment nowhere charged that the matter or thing alleged as the basis for false swearing was in any respect material to any issue or matter then under investigation. This has been expressly held against appellant by this court in an opinion by Judge Henderson in Wilson v. State, 49 Texas Crim. Rep., 496, at p. 497, saying: "We understand that any false oath as to something past or present affords the basis of false swearing. It is not necessary that it be a material question, as in perjury; it is simply requisite that it be a false affidavit to a fact past or present."

The other ground is that the indictment does not allege when or where he had a claim against any other railroad company, nor what railroad company, or the amount or nature of the same, or when and where he was paid money on such a claim or how much he had been paid. On

this point the indictment, in addition to alleging that his said statement is false, etc., also alleges: "And, whereas, in truth and in fact the said George Urben has had a claim against a railroad company, and has collected and has been paid money for such a claim." And further, that said alleged false statement was deliberately and wilfully made and was deliberately and wilfully false, as he, the said George Urben, then and there well knew when he made the same.

It was wholly unnecessary to make any further or other allegation on this point than was contained in the indictment. P. C., art. 465; Branch's Crim. Law, sec. 650, p. 417; Jones v. State, 76 Texas Crim. Rep., 398, 174 S. W. Rep., 1071. Each count of the indictment was sufficient. The fact that the two counts were substantially the same would be no ground to quash it.

Said Schuttee fully identified the said affidavit copied in the indictment, produced and introduced in evidence on the trial. He testified that he wrote the same to get the facts about appellant's claimed injuries, as he presumed he wanted to make a claim for damages, and that when he had written it in appellant's presence he gave it to him and asked him to read it over and to read each page and to sign each page, which appellant did. Mr. George West, the notary public before whom appellant swore to said affidavit, testified that appellant signed and swore to it before him two distinct times; that when he first swore to it there was no attesting witness and that when he took it thus first sworn to Mr. Schuttee that Mr. Schuttee gave it back to him and told him to have appellant to again swear to the affidavit with an attesting witness, and that he, West, again presented it a second time to appellant in the presence of Florence Scott, who then and there signed it as an attesting witness; that at this time he again swore appellant to it after he signed it this second time and that he also, on this occasion, swore Florence Scott as an attesting witness. All this is shown on the face of the affidavit itself. Florence Scott was not produced as a witness and did not testify to prove up the signing, witnessing and swearing to said affidavit by appellant. The court did not err in admitting in evidence said affidavit with the proof made as to its execution and being signed and sworn to as shown above. It was unnecessary to also prove it up by Florence Scott. Adams v. State, 49 Texas Crim. Rep., 361; Whart. Crim. Law (11th ed.), sec. 1676.

Neither did the court err in admitting in evidence the deposition of appellant in a civil case in another District Court of Dallas County, it being clearly established by the officer who took the deposition that appellant gave the answers and signed and swore to the same, having been proven up by the said officer before whom they were taken.

The evidence clearly established by the testimony of two or three witnesses as well as the sworn testimony of the appellant in answer to the interrogatories in said civil case, that prior to his claimed injury in this case he had been ruptured while in the employ of another railroad company, other than the Katy; that he had made a claim against said railroad company for $500 for said rupture and had been paid by

that company that sum therefor. The evidence is overwhelming and in no way contradicted, that appellant's said affidavit in the particular hereinabove mentioned, was false and he knew it was when he signed and swore to it, and that he made the said false affidavit under all the circumstances necessary to show his guilt. The court, therefore, should not have directed the jury to acquit him by giving appellant's requested peremptory charge to that effect.

The court gave an apt, full and clear charge, and together with the special charge given at appellant's request completely presented the matter correctly in every way to the jury for a finding. If it was necessary at all to define the word "voluntarily" in his charge, the court correctly did so in this language:

"'Voluntarily,' as used in this connection, means that the alleged false statements must have been made by the defendant of his own free will and accord." And the court did not err in refusing to add thereto as requested by appellant, this: "Unconstrained by external interference, force or influence, and not prompted or suggested by another. Now if you find and believe from the evidence that the defendant did not make this alleged false statement voluntarily, or if you have a reasonable doubt thereof, you will acquit him, and say by your verdict 'not guilty.'" The court, in refusing to add this to his charge, stated the reason he did so was: "The court believes he has correctly given a definition of 'voluntarily.' The court does not believe that if external interference or influence was brought to bear on him or that some one prompted or suggested it to him that this would prevent it from being voluntary. If so, then a man could swear falsely and go free if someone asked him to do it. I see no evidence of fraud or duress." The evidence in no way tends to show that there was any fraud or duress whatever towards appellant when he signed and swore to said affidavit, but, on the contrary, it shows that he did so voluntarily as defined by the court. Besides, in other portions of the charge the court told the jury specifically that in order to warrant a conviction for this offense, among other things, it was an essential element to be proven by the State that said affidavit was voluntarily made, and that if such element was wanting a conviction could not be had; and further affirmatively required the jury to believe beyond a reasonable doubt, that such was an elementary essential. And still, in addition, charged that the burden of proof was on the State, the presumption of innocence prevailed until his guilt was established beyond a reasonable doubt, and if they had a reasonable doubt to acquit him. And still further gave appellant's special charge No. 5, which required the jury again to believe from the evidence beyond a reasonable doubt, that said affidavit in the particular mentioned, was voluntarily made and unless the jury so found beyond a reasonable doubt to acquit him.

No error in any particular in the trial of this case has been pointed out. The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 25, 1915.—Reporter.]