## LEE MATELSKI V. THE STATE.

No. 18785.   Delivered March 17, 1937.
Rehearing Denied (Without Written Opinion) April 28, 1937.

The opinion states the case.

*Tom Bartlett,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is perjury; the punishment, confinement in the penitentiary for two years.

It was a material inquiry before the grand jury of Falls County whether T. J. Barnes, in said county, had, on or about the 15th day of February, 1936, with malice aforethought, made an assault on Tony Falco with intent to kill him. On the 6th of April, 1936, appellant appeared as a witness before said grand jury, and was duly warned that he was not required to testify. After the warning aforesaid appellant expressed his willingness to testify concerning the matter under investigation. He thereupon testified that on the occasion of the difficulty between Barnes and Falco he (appellant) and Falco had not gone to Barnes' house and drawn pistols on him; that Falco had not kicked Barnes on said occasion; that he (appellant) was not at Barnes' house on the occasion in question; that if anything took place between Falco and Barnes in said house, he did not witness it; that the only time he saw Falco with a pistol was when Falco and Barnes were shooting at each other. On the trial the State introduced witnesses who testified that on the 15th of February, 1936, and immediately prior to the time Barnes and Falco shot at each other, appellant and Falco went to the house of Barnes and drew guns on him; that appellant witnessed the trouble between Falco and Barnes in Barnes' house, which occurred immediately prior to the shooting; that at the time Falco kicked Barnes; that appellant saw Falco with a pistol prior to the shooting.

Testifying in his own behalf, appellant maintained that his statement given to the grand jury was true. He introduced witnesses who corroborated his testimony to the effect that he (appellant) had no gun on the occasion of the difficulty; that he and Falco did not draw pistols on Barnes; that he knew nothing concerning the difficulty prior to the time that he saw the parties shooting at each other.

Appellant made a motion to quash the indictment, based on several grounds, one of which was that said indictment embraced no averment that appellant had been granted immunity in the event he testified before the grand jury. Such an averment was not necessary. See Robertson v. State, 150 S. W., 893.

Another ground of the motion was that the indictment failed to show that the matter under investigation was a violation of the law. An inspection of the indictment discloses an averment that it was a material inquiry before the grand jury

whether T. J. Barnes, in Falls County, on or about the 15th of February, 1936, with malice aforethought, in and upon Tony Falco did make an assault with intent to kill the said Tony Falco. This averment was sufficient.

The exception to the indictment on the ground that it failed to allege that the testimony of appellant before the grand jury was material was properly overruled. It was expressly averred that said testimony was material to the inquiry.

We deem it unnecessary to discuss the remainder of the grounds of the motion to quash.

The charge of the court has been examined in the light of appellant's exceptions, and is thought to have adequately submitted the issues raised by the testimony.

Bill of exception No. 3 recites that the State was permitted to introduce appellant's testimony before the grand jury without proof of the fact that appellant had been properly warned. The bill is qualified to reflect that it was shown in the testimony on the trial that the warning was properly given.

Bill No. 4 is in the same attitude, the qualifications thereto showing that appellant was advised as to the matter under investigation; that he was informed that he could make a statement if he desired but that if he did so the grand jury could indict him if they saw fit, and that said statement could be used in evidence against him on the trial of his case.

Bills 5, 6 and 7 are without merit.

Bill of exception No. 9 recites that the court refused to permit appellant to prove that T. J. Barnes was operating a gambling house on the occasion of the difficulty between Barnes and Falco. There is nothing in the bill to show that said testimony was material to any issue in the case.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.