Miss Blanche Ely v. State.

No. 1954. Decided December 4, 1912.

Rehearing Denied January 15, 1913.

1.—Aggravated Assault—Statement of Facts.

Where it was reasonably shown on appeal from a conviction of simple assault that the statement of facts was actually filed within the twenty days, although the file mark placed thereon made it one day later, the same was considered by the Appellate Court.

2.—Same—Information—Degree of Offense—Statutes Construed.

Where the information charged that the defendant was an adult, this was not descriptive of the offense in the sense that, if not proven, it would not sustain a conviction of a less degree, and the information would clearly include simple assault under Article 1022, sub-division 5, Penal Code,

**3.—Same—Charge of Court—Practice on Appeal.**

In the absence of a bill of exceptions, where requested charges had been refused in a misdemeanor case, the same cannot be considered on appeal.

**4.—Same—Insufficiency of the Evidence—Teacher—Moderate Restraint.**

Under Article 1014, Penal Code, violence used to the person does not amount to an assault or battery in the exercise of the right of moderate restraint or correction given by law to the parent over the child, the guardian over the ward, the master over the apprentice, and the teacher over the scholar or pupil, and moderate restraint and correction of the pupil by his teacher is not an offense.

**5.—Same—Presumption—Intent.**

When a teacher corrects his pupil, the presumption is that it is in the exercise and within the bounds of his lawful authority, and it does not devolve upon him to show accident or his lawful authority or innocent intention, etc.

**6.—Same—Insufficiency of the Evidence.**

Where, upon trial of aggravated assault, the evidence showed an absence of malice on the part of the teacher in whipping her pupil for violating the rules of the school, and that the punishment was not excessive, the conviction was not sustained. Following Stephens v. State, 44 Texas Crim. Rep., 67, and other cases.

Appeal from the County Court of Llano. Tried below before the Hon. A. H. Willbern.

Appeal from a conviction of simple assault; penalty, a fine of $10.

The evidence of the State showed substantially that the defendant whipped her pupil for a disobedience of the rules of the school, with a paddle about two feet long and about two inches wide of white pine wood, with which she administered a number of licks on the back part of the legs above the knees of the pupil; the pupil testifying that it hurt him and that he could not go back to school for several weeks, as he could not well sit down on account of the whipping and that his limbs were sore and paining him. Physicians examined the pupil and testified that they found some bruises and black spots on his limbs which were considerably red and swollen, but that there was no abrasion of the skin on either leg and that the patient was walking around all the time; that the circulation of the patient was not good and that a stroke on the person of one whose circulation is poor is likely to leave a sign, whereas, if the circulation were good, it would leave no sign. It was also shown that the defendant had never manifested any ill-will toward this pupil, etc. This, although the testimony is very voluminous, constitutes the salient facts in the case.

*Wilburn Oatman* and *J. H. McLean*, for appellant.—On the question of the court's action in overruling the demurrer to the evidence because the same showing that the defendant was not an adult: Butts v. State, 84 S. W. Rep., 586; McLaurine v. State, 28 Texas Crim. App., 530; Henkel v. State, 27 id, 510; Davis v. State, 13 id, 215; Andrews v. State, 13 id, 343; Watson v. State, 5 id, 11; Courtney v. State, 3 id, 257; Warrington v. State, 1 id, 168.

On the question of the insufficiency of the evidence and that the teacher has the right to administer punishment to his pupil: Dowlen v. State, 14 Texas Crim. App., 61; Bolding v. State, 23 id, 172; Hutton v. State, 23 id, 386; Greer v. State, 106 S. W. Rep., 359; Floyd v. State, 29 Texas Crim. App., 341.

C. E. Lane, Assistant Attorney-General, and F. J. Johnson, Assistant County Attorney, and Jas. Flack, for the State.—On the question of filing statement of facts: Mosher v. State, 62 Texas Crim. Rep., 42; Sullivan v. State, 62 id, 410; Chaney v. State, 62 id, 67; Looper v. State, 62 id, 96; Harwell v. State, 62 id, 117; Dillard v. State, 62 id, 321; Barfield v. State, 62 id, 400.

PRENDERGAST, Judge.—By proper complaint and information appellant was charged with committing an aggravated assault upon Ralph LaHatte on November 3, 1911, said LaHatte being a child and appellant an adult female. The proof without doubt and without contradiction showed that Ralph was a school boy thirteen years of age, attending the school in which appellant taught and that she was his teacher and he her pupil. Also that at the time, she was not twenty-one years of age and, therefore, not an adult; that she on this occasion, for his violation of the rules of the school and for the purpose of restraining and correcting him in the school during school hours, whipped him and that it was proper and necessary so to do at the time. Upon it being developed that the appellant was not then twenty-one years of age, the State abandoned seeking a conviction for an aggravated assault and contended only for a simple assault. She was convicted of a simple assault and battery and fined $10.

A contest was made in this court to exclude and strike from the record the statement of facts because not filed within the twenty days after adjournment which was allowed by the court. It is unnecessary to state the particulars of this contest. Suffice it to say that while not entirely clear, it was reasonably shown to this court that the statement of facts was actually filed within the twenty days, thought the file mark placed thereon by the clerk made it one day later. After due consideration of this question, we conclude that even though there may be some doubt on this point, we give the appellant the benefit of it and hold that the statement of facts was filed within time, and consider it in the disposition of the case.

Appellant contends that because the information charged that appellant was an adult and the proof showed that she was not, that the conviction is fatal on that account. Our statute prescribes that where a prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher, but guilty of any degree inferior to that charged in the indictment or information. The information charging that she was an adult, while proper under subdivision 5, Article 1022, to charge an aggravated assault, it included a

simple assault if not proven that she was an adult. The information charging she was an adult is not descriptive of the offense in the sense that if not proven it would not sustain a conviction of a less degree, but the information would clearly include a simple assault and would not be fatal to a conviction for a simple assault.

There are several complaints in the motion for new trial to the charge of the court and the refusal to give appellant's special charges requested, but as no bill of exceptions were taken and preserved to the charge of the court and none to the refusal of the court to give the special charges requested, we can not consider those questions. While some of the complaints of the charge may be correct and while some of the special charges requested probably ought to have been given, under the settled law of this State the points not being correctly preserved and presented by bills of exception, we can not pass upon such questions. It is needless to cite all the cases on this subject, but on this point see Giles v. State, 66 Tex. Crim. Rep., 638; 148 S. W. Rep., 317, and some of the cases collated in that decision.

Ordinarily, in view of a new trial, it might be proper to discuss such matters, though not properly raised. Yet, in view of the disposition we make of this case, we deem it unnecessary to do so.

Appellant does properly raise the question, and contends that the evidence is insufficient to sustain the verdict. We have carefully gone over and studied all of the evidence in this case and have reached the conclusion that this contention by appellant is correct and necessarily results in the reversal of the judgment. While our statute, Article 1008; Penal Code, enacts that the use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery, on the same subject it expressly also provides, Article 1014, Penal Code, that violence used to the person does not amount to an assault or battery in the exercise of the right of moderate restraint or correction given by law to the parent over the child, the guardian over the ward, the master over his apprentice, and the teacher over the scholar (or pupil). Judge White, in his annotated Penal Code under this article lays down the correct rules wherein he says, ''the law confides to teachers a discretionary power to punish pupils and exonerates them from responsibility unless the punishment be excessive or malicious. Moderate restraint and correction of a pupil by his teacher, is not an offense, but is authorized by law. When a teacher corrects his pupil, the presumption is, that it is in the exercise and within the bounds of his lawful authority; and it does not devolve upon him to show accident or his innocent intention. Neither is it any criterion of his act or intention that bodily pain, constraint and a sense of shame or other disagreeable emotion of the mind is produced. He has the right to inflict moderate corporeal punishment for the purpose of restraint or correcting the refractory pupil, but only that degree of violence must be used which is necessary to effect such purpose. The instrument used in, or the man-

ner of the punishment, are not the proper tests of the extent of the punishment. The law has not laid down any fixed measure of moderation in the lawful correction of a child, nor is it practicable to do so. Whether it is moderate or excessive, must necessarily depend upon the age, sex, condition and disposition of the child; with all the attending and surrounding circumstances, to be judged of by the jury under directions of the court as to the law of the case.''

The uncontradicted testimony of Ralph, the pupil, and appellant, the teacher, positively disproves any malice, ill-will or intent to injure other than what the teacher had the right to inflict. All the other testimony in the case, we think, also clearly establishes without doubt and without contradiction that the whipping inflicted by the appellant upon her pupil was not excessive but was only a moderate punishment for what she had unquestionably the right to inflict. From all the evidence, we think, it is unquestionably shown that if the condition of Ralph's blood had been normal, as the legal presumption is that it was, no question could have been made that the punishment inflicted, under the facts and circumstances as shown in this case, was immoderate or excessive. It was only because of the condition of his body at the time that would ever raise this question. The testimony shows that appellant did not know, and had no notice of his condition, other than that of a normal boy, and nothing in the evidence indicates that she had any other notice or knowledge. Besides this, at once after it was suggested that an unusual and excessive whipping had been administered, the trustees of the school as disinterested persons were called in by the parents of the boy at the time for the purpose of examining him, and each and all did examine him and came to the conclusion and so testified that the whipping was not immoderate or excessive. Our opinion is that all the facts and circumstances so showed. If upon another trial only substantially the same testimony is introduced as upon this the court should give a peremptory instruction to the jury to acquit the appellant. Stephens v. State, 44 Tex. Crim. Rep., 67; Greer v. State, 106 S. W. Rep., 359.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Rehearing denied January 15, 1913.—Reporter.]